UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD C. SCOTT, | : CIVIL ACTION NO. 3:CV-13-2277 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| JOHN KERESTES, et al., | : |
| Defendants | : |

FILED SCRANTON DEC 09 2013 PER \_\_\_\_ DEPUTY CLERK

## MEMORANDUM

Reginald Scott, an inmate confined in the Mahanoy State Correctional Institution ("SCI-Mahanoy") Frackville, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). The named Defendants are SCI-Mahanoy Superintendent John Kerestes and Dauphin County District Attorney Edward Marsico. Id.

Plaintiff challenges his life sentence based on the fact that the "Department of Corrections violated Plaintiff's constitutional rights to due process and equal protection of the law under the color of law when Plaintiff was illegally accepted into the DOC without the required authorized mandated Judgement of Sentence Orders signed by the sentencing judge." Id. Plaintiff claims that he wrote to the Records Office Supervisor, to request a copy of his judgment of sentence and on

October 19, 2012, he received a response stating that the Department of Corrections did not have a copy and, as such, could not provide a copy to Plaintiff. See (Doc. 1, Ex. A, Agency Attestation of Nonexistence of Record). The Records Officer Supervisor also noted that "while some counties do provide the Department with a written judgment of sentence when they commit an offender to the Department for custody, it is not a consistent practice of all the various county courts of Pennsylvania" and that "in this instance, it appears that the Dauphin County Court of Common Pleas, when committing Mr. Scott to the Department's custody, did not provide the Department with a copy of the written judgment of sentence." Id.

Thus, Plaintiff filed the instant action in which he seeks to be "immediately released from illegal imprisonment and granted (1) hundred million dollars to cover punitive and cumulative pain from damages suffered psychologically, physically, mentally, spiritually with emotional stress and anger endured by 39 years of cruel and unusual punishment imposed on [his] family by both the defendants with denial of consortiumship [sic] with [his] wife, (1) hundred million dollars from each defendant." Id.

Along with the filing of his complaint, Plaintiff submitted an application to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2).

A court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to the pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).

Because Plaintiff proceeds pro se, his pleading are liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted). The Court has conducted an initial screening of the complaint, and for the reasons set forth below, Plaintiff's motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant action, and the complaint will be dismissed as frivolous.

## Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting

3

under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

With respect to Plaintiff's request for compensation for "illegal incarceration", it is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). The United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S.477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Because there is no indication of record that there has been a successful prior adjudication pertaining to Plaintiff's alleged unlawful conviction or sentence, it is

4

appropriate to dismiss the claim for damages as legally frivolous. Plaintiff cannot, under Heck, maintain a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid. See also Mitchell v. Department of Corrections, 272 F. Supp. 2d 464, 473 (M.D. Pa. 2003) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release).

Thus, under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

A separate order will be issued.

Dated: December 9, 2013

_____
**United States District Judge**